I have had great doubts on three points of this case^, and I greatly regretthat we have not had the benefit of the assistance of the judge, who did not hear the argument, as well on account of the intrinsic difficulties of the case, as of the difference of opinion which prevails upon the bciielu,
*497 With respect to the house and lot of land, I think that the evidence is sufficient to establish that they were bought for Mrs. Compty. There was no evidence which shewed any title in Mr. Compty. Mr. Sta-Jy, the only witness called by the complainant, stated that the former owner or holder of the lot of land, agreed to convey it to him ; but that he wras to ho¡cl it merely as a trustee of Mrs. Compty, now Mrs. McGo wan* This testimony must either be rejected or received. If rejected, then there is no evidence to shew that Mr. Compty had any sort of interest in the land, under which his children ■could claim any title, or demand any account of the rents and profits i And the title such as is derived from the agreement of Fitzpatrick, would vest in Stanly himself. But if the evidence be admitted, then Stanly declares voluntarily a trust, (which he could have been compelled to do,) not in favor of the children, but of Mrs. Compty, who has since married M'Gowan. This is not the case put at the bar of the admission of parol evidence, to contradict a deed, which the court could not permit *. but it is evidence of a declaration of trust, consistent with the deed. Stanly says, the agreement is indeed to convey to me* but I acknowledge I have no interest i I am merely to hold as trustee for Mrs. Compty. And no document is produced in contradiction to this. I am therefore of opinion, that on this point, the complainants did not make out a case, to entitle them to recovery; and that therefore, the decree as to the house and lot ought to ho affirmed.
The question respecting the Ferry tract of land, is much more difficult. It involves a point of great magnitude and delicacy. It is, whether a person standing in the relation which Mr. M‘Gowan did to the children of' Mr. Compty, who were orphans and minors, and in the possession and management of their father’s property, and at least the actual, if not the legal guardian, is at liberty to become a purchaser of tljgt property at a safe made at his instance. The courts look with great jealousy at'the conduct of a party so situated, and many . cases decide, that an agent, trustee or guardian shall not* *498 become the purchaser of the property under his care un« ^er aiT circumstances. The court will not enquire into the fairness of the transaction, hut denies him the right to purchase, as the best security for the party confiding. The case of Fox and Mackreth, stated in 2 Brown5» Chancery Cases, which was more fully argued and occupied more of the time of the Court of Chancery and of the House of Lords than almost any other case on record, goes that whole length. The case of Crow and Ballard, reported in 3 Brown, is equally strong. The cases in 5 Yez. jr. 678 and 707, and 6 Vez. jr. 617, and 631, are to the same purpose; and in one of them a purchase even at a sale made at auction, was set aside. There is no doubt great wisdom in the rule 5 and I would on no account shake it, in cases coining plainly within it, and where no circumstances made it necessary to depart from it. Let us then examine the circumstances of the case under our consideration, and see if there be nothing in them which should induce us to hesitate in the application of the rule.
M’Go wen, on marrying the-widow of Mr. Comply, became interested in her right in the estate. Those interest's were blended with the children’s. He found them orphans and minors, living with their mother-in-law. Humanity required of him that he should take care of them and their property. He did so. Hence his relation to them, as an acting guardian. But this did nob fake away his legal right to have a partition of the estate. The court to which application was made for partition, acted according to its acknowledged and concurrent jurisdiction in ordering a sale. Shall he then be debarred the right of becoming a purchaser at that sale of property in which he and his wife have an interest in common with the children ? If he should be so debarred, it would be a prejudice to Ms rights and his.interests, and might even be injurious to the interests of the children.
I am inclined to think, that under these circumstances, the strictness of the rule in Fox and Mackreth’s case ought not to be applied; and that he ought not to be en~ irely prohibited fresn becoming.^, purchaser. It will be *499 a sufficient-security to the children, and the purposes' of justice, which is the object of the rule, that the validity of the purchase should be, made to depend on;the fairness of the transaction and the fullness of the price.
Let us then examine the case by those criteria. The sale was made under the authority of a court having competent jurisdiction. It was not made pi’ivately, or at an unusual time or place, but at the time and place prescribed by the statutary provision for all sales made under judicial authority. It was open to all to become bidders. It was then so far regular and fair. If we look to the price, there is a difference of opinion, as to tlie fullness of it. But the great weight of testimony is with the pur-, chaser, M’Gowen. Witnesses of integrity and knowledge of the property were decidedly of opinion that the price actually given by him was above the value of the property $ and in confirmation of that opinion, no other bidder came nearly up to that priee. One witness of in- • tegrity and intelligence certainly was of a different opinion. But he seemed to look rather to what it might be Worth hereafter, than to its present value. This mode of considering the subject, would have been an abridgment of the right of any of the parties in interest to obtain by legal process, a partition and sale of the property, to which they were entitled, and to oblige them to wait the event of a speculative (increasing value, I think the evidence of the fulness of price quite sufficient. Some stress was laid upon the declarations of M’Gowen, that he had purchased for the benefit of the children of Compty; and they certainly threw such a cloud over his conduct, that if I had not been otherwise satisfied that the proceedings were fair, and the purchase at a full price, I should have willingly laid hold of those declaratiofts, to have set aside-the sale, or to have made him a trustee for the benefit of the children. But these declarations were loose and inconsequential, and were contradicted by all the acts of the case.
Upon the whole therefore, I do not perceive that there was such error in the decree as to induce me to reverse it. I repeat that I have hpd great doubts and dif. *500 ficulties, and í am not sure that I have cometo the right conclusion; but I am bound to give my best judgment on the case, and that judgment leads me to affirm the decree on this point.
With respect to the question of the rents and profits of the ferry tract before the sale, I concur entirely with the decree.
I am therefore of opinion, that the decree should be affirmed on all the points.
Henry W. Desaussur®.